UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TERRENCE PAYNE,

        Plaintiff,

  v.                                    Case No. 19-cv-1206-pp

ANDREW SAUL,

        Defendant.

**ORDER GRANTING PLAINTIFF'S AMENDED MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 6)**

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3. On August 21, 2019 the court issued an order, requiring the plaintiff to file an amended request to proceed without prepaying the filing fee. Dkt. No. 5. The plaintiff filed that amended request. Dkt. No. 6.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's amended affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff indicates that he is not employed, he is not married, and he has two

1

dependents he is responsible for supporting (although he lists the amount of support provided each month as zero.) Dkt. No. 6 at 1. The plaintiff states that his sole source of income is Food Share of $22 per month, id. at 2, and he lists monthly expenses of $550 for rent, id. at 3. The plaintiff owns a 2005 Chrysler 300c, for which he does not provide an approximate value, he owns no other property of value, and he has no cash on hand or in a checking/savings account. Id. at 3-4. The plaintiff has apparently been receiving unemployment insurance because he states, "I am almost homeless. I am currently unemployed with a daughter age 17. I am about to lose my apartment because my unemployment is about to run out, and I am going to be unable to afford rent." Id. at 4. Although it is unclear how the plaintiff is supporting his two dependents and why he only mentions one of them in his statement, it is clear that he cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint states that he is disabled, that he was denied benefits, and that the Commissioner's conclusions and findings of fact denying those benefits are not supported by substantial evidence and are contrary to law and regulation. Dkt. No. 1 at 1. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's amended motion for leave to proceed without prepaying the filing fee. Dkt. No. 6.

Dated in Milwaukee, Wisconsin this 23rd day of August, 2019.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**